This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, Thomas Ozog, appeals from the judgment of the Medina County Court of Common Pleas. We dismiss the appeal.
 {¶ 2} On October 5, 2000, Mr. Ozog was indicted for theft, in violation of R.C. 2913.02(A)(2). On January 22, 2001, Mr. Ozog entered a plea of no contest to the charge. The trial court found Mr. Ozog guilty of the charge and, in a journal entry dated April 23, 2001, sentenced him accordingly. Specifically, as pertinent to this appeal, Mr. Ozog was ordered to pay restitution in an amount to be determined. Thereafter, in a journal entry dated October 24, 2001, the trial court ordered Mr. Ozog to pay $40,957.38 in restitution. This appeal followed.
 {¶ 3} Mr. Ozog raises one assignment of error:
 {¶ 4} "THE TRIAL COURT ERRED IN ORDERING RESTITUTION FOR PROPERTY LOSS IN AN AMOUNT THAT EXCEEDED THE AMOUNT APPELLANT WAS FOUND GUILTY OF HAVING TAKEN."
 {¶ 5} In his assignment of error, Mr. Ozog asserts that the trial court erred in ordering him to pay restitution in an amount that exceeded the value of the property that he had stolen from the victim.
 {¶ 6} Pursuant to App.R. 4(A), Mr. Ozog was required to file his notice of appeal "within thirty days of the later of entry of the judgment or order appealed * * *." In the present case, the final judgment which determined the action was entered on October 24, 2001 when the court held that Mr. Ozog owed $40,957.38 in restitution. The trial court entered judgment on the financial sanction, and no other claims or issues remained pending. The October 24, 2001 journal entry was final and appealable; therefore, Mr. Ozog had thirty days in which to file his notice of appeal pursuant to App.R. 4(A).
 {¶ 7} Mr. Ozog filed his notice of appeal on January 22, 2002, sixty days beyond the App.R. 4(A) deadline. Accordingly, Mr. Ozog's appeal challenging the trial court's determination of the amount of restitution due was untimely. This court is, therefore, without jurisdiction to hear the appeal. The appeal is dismissed.
SLABY, P.J., CARR, J., CONCUR.